IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:11-cr-00012-JO |
| | ) | (Civil No. 3:12-cv-01184-JO) |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| FLAVIO CESAR PEREZ-MEZA, | ) | |
| | ) | |
| Defendant. | ) | |

Thomas H. Edmonds
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204

  Of Attorneys for United States of America

Flavio Cesar Perez-Meza
Reg. No. 73165-065
CCA/EDC Correctional Institution
Inmate Mail/Parcels
702 East Broadway
Eden, TX  76837

    Defendant Pro Se

JONES, Judge:

On January 6, 2011, a grand jury returned an indictment charging defendant with possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The charge carried a maximum penalty of life imprisonment and a mandatory minimum prison sentence of 10 years.

The court appointed counsel for defendant on January 11, 2011, but defendant retained his own counsel, Sarah Krick, eight days later. After appointment, Krick negotiated a plea agreement with the government in which the parties agreed that defendant would plead guilty to a lesser charge with a five-year minimum sentence rather than the originally charged 10-year minimum, agree to a 97-month prison sentence, forego the opportunity to seek any additional downward departures, and waive appeal and collateral attack. Government's Response to Defendant's Motion, Exhibit ("Exh.") 2.

In the plea hearing on August 3, 2011, defendant waived indictment and pled guilty to an Information charging him with possession with intent to distribute one hundred grams or more of a mixture or substance containing a detectable amount of heroin under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Government's Response, Exh. 4, pp. 6-7. Defendant's plea, to a charge with a lesser mandatory minimum sentence, was part of his plea agreement. See generally Government's Response, Exh. 2.

The parties are familiar with the terms of the plea agreement, which will not be repeated here in detail. See Government's Response, pp. 3-4. and Exh. 2. Significant to the present motion, however, are the following terms. With respect to departures not otherwise set forth in the plea agreement, the agreement stated that:

2 - OPINION AND ORDER

> The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  <u>Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.</u>

Government's Response, Exh. 2, p. 2 ¶ 11 (emphasis added).  Additionally, the agreement provided:

> Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. . . .  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. §3582(c)(2).

Government's Exh. 2, pp. 2-3 ¶ 15.

## DISCUSSION

Defendant, a non-U.S. citizen, states in his motion that he accepts his sentencing guideline range as correctly calculated.  He argues, instead, that his counsel was ineffective in failing to seek a one- to two-level downward departure under U.S.S.G. § 5K2.0, in exchange for a concession of deportability and an agreement to accept a final order of deportation.

The problem with defendant's argument is two-fold:  First, although he asserts ineffective assistance, his argument focuses on the reasons he believes could have justified a further downward departure.  But as noted above, defendant waived any right he may have had to seek further downward departures, and also waived his right to appeal or to file any collateral attack

3 - OPINION AND ORDER

on his sentence, including this motion under § 2255. The waiver of the right to file a § 2255 motion is enforceable if knowingly and voluntarily made, see, e.g., United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), and nothing in the record suggests that defendant's waiver was not knowing or voluntary.

Second, with respect to defendant's counsel's representation, as the government correctly points out, defense counsel was tremendously effective in negotiating a plea agreement to a lesser charge that allowed defendant to escape the originally charged 10-year mandatory minimum sentence with a sentence of 97 months. In neither the plea hearing nor the sentencing hearing did defendant assert any deficiency in how his counsel negotiated his plea or advised him. And in his present motion, defendant has failed to come forward with any evidence or support for his claim of ineffective assistance of counsel. My review of the record shows that counsel was competent and effective in her representation of this defendant. Consequently, defendant's motion (# 29) is denied.

4 - OPINION AND ORDER

CONCLUSION

For the reasons stated above, defendant's Motion (# 29) to Modify/Correct or Amend the Sentence is DENIED.

DATED this 31st day of October, 2012.

      /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

5 - OPINION AND ORDER